Thomas Dickens, J.
The subject matter with which this habeas corpus application is concerned, is res nova; therefore, I am constrained to decide the application without the benefit *230 of precedents. The lawyers in their briefs submitted no authorities on the major question. None could be found on personal research.
The salient facts of this application are these:
On January 22, 1968, Miguel Santiago, on his own volition, committed himself to the custody of the Narcotic Addiction Control Commission, at a Special Term of the Supreme Court, held in the County of Kings. On February 15, 1968, Richard Valez, the other petitioner, also on his own volition, committed himself to the care and custody of the Narcotic Addiction Control Commission, at a Special Term of the Supreme Court, in the County of Bronx. Thereafter, they escaped from confinement. On or about June 4, 1968, both were arrested and charged with the crime of escape in the second degree, a felony (Penal Law, § 205.10, subd. 1).
On or about June 10,1968, this writ of habeas corpus by petitioners was in the first instance allowed by an Associate Judge and later came before me in Part 31 of this court.
The petitioners contend that subdivision 1 of section 205.10 of the Penal Law, dealing with the subject of escape, does not apply to a civilly committed narcotic addict (Mental Hygiene Law, § 206).
Petitioners in their brief concede that they had been committed to the Narcotic Addiction Control Commission pursuant to a court order made at their own request.
They seek, by this writ of habeas corpus, to test the validity of their enforced detention for escape as a crime (§ 205.10), urging that they should have been returned to the Narcotic Addiction Control Commission as delinquents, not as criminals (Mental Hygiene Law, § 211).
Subdivision 2 of section 211 of the Mental Hygiene Law reads as follows:
“ A defendant certified to the care and custody of the commission after conviction, pursuant to section two hundred eight of this chapter who, while confined to a rehabilitation center, escapes therefrom, is guilty of a misdemeanor.”
This section fails to provide what crime, if any, is committed by a person civilly committed on a voluntary basis, who subsequently escapes from a facility of the commission where he was confined.
Subdivision 1 of section 205.00 of the Penal Law supplies the following definitions with respect to criminal escape :
1 ‘ 1. — 1 Detention facility ’ means any place used for the confinement, pursuant to an order of a court of a person (a) charged with or convicted of an offense, or (b) charged with *231 being or adjudicated a youthful offender, wayward minor or juvenile delinquent, or (c) held for extradition or as a material witness, or (d) otherwise confined pursuant to an order of a court.”
As an added definition, &“ facility,” as described in Webster’s Seventh New Collegiate Dictionary, is something that is built, installed or established to serve a particular purpose.
I find that a place designated by the Narcotic Control Commission as a place to house and detain narcotic addicts in their care pursuant to article 9 of the Mental Hygiene Law is a 11 detention facility. ’ ’
When a person is civilly committed to the care and custody of the Narcotic Addiction Control Commission, his confinement becomes compulsory and he must continue to have treatments for the statutory time designated by law.
Subdivision 1 of section 205.10 of the Penal Law reads as follows:
‘1 A person is guilty of escape in the second degree when: He escapes from a detention facility ”.
Accordingly the writ is dismissed.