■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JAMES BLANK, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered May 26, 1981, convicting defendant upon his plea of guilty of the crime of escape in the second degree. In an

indictment dated June 12, 1980, defendant was charged with escape in the first degree based on allegations that, having previously been convicted of a felony, defendant escaped from Clinton Correctional Facility, a detention facility. On May 6, 1981, defendant entered a plea of guilty of the crime of escape in the second degree and he was subsequently sentenced as a second felony offender. This appeal ensued. Initially, defendant maintains that the court erred in denying his motion to dismiss the indictment. This motion was based on the premise that defendant was outside of the detention facility on a work release program when he allegedly escaped and, therefore, he did not escape from a detention facility as required for a conviction of escape in the first degree (Penal Law, § 205.15). The record reveals that at the time he allegedly escaped defendant was working at a power house which was down the street from the wall of the facility but still a part of Clinton Correctional Facility. Under these circumstances, we are of the opinion that the court properly denied defendant's motion to dismiss the indictment. It is also argued by defendant that it was his status as a felon that raised the level of the crime he was convicted of from escape in the third degree to escape in the second degree. Citing *Robinson v California* (370 US 660), defendant urges that due to this fact his sentence constituted cruel and unusual punishment. We disagree. In *Robinson,* the court was concerned with a statute which made the status of narcotic addiction a criminal offense (*Robinson v California, supra,* p 666). In the present case, we are not concerned with a statute which makes the status of a felon a criminal offense. The fact that an escape by a person convicted of a felony is structured as a more serious crime than an escape by one who has not been so convicted cannot, in our view, be considered an infliction of cruel and unusual punishment. Defendant's contention that his right to a speedy trial was violated also must fail. Any entitlement to having the indictment dismissed on the ground that the prosecution was not ready for trial within the time prescribed by CPL 30.30 was waived by defendant's plea of guilty (*People v Friscia,* 51 NY2d 845). Concerning his constitutional right to a speedy trial, we have examined the record in light of the relevant factors set forth by the Court of Appeals in *People v Taranovich* (37 NY2d 442) and conclude that there was no violation of this constitutional right. We have considered defendant's remaining arguments and find them unpersuasive. The judgment, therefore, must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.