■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v DAVID A. SHARLAND and JOHN D. BORLAND, Respondents-Appellants.—Yesawich, Jr., J. Appeals (1) from two judgments of the County Court of St. Lawrence County (Nicandri, J.), rendered January 7, 1986, upon a verdict convicting defendants of the crime of escape in the second degree, and (2) from an order of said court, entered December 12, 1985, which granted defendants' motion to reduce the indictments from escape in the first degree to escape in the second degree.

These appeals stem from the unauthorized departure by defendants, David A. Sharland and John D. Borland from a work crew of prisoners at Ogdensburg Correctional Facility on July 2, 1985. The crew was working in the Hamlet of Morley in St. Lawrence County.

Defendants, both convicted felons, befriended a Morley resident who, at their behest, purchased alcohol for them which they consumed by approximately 2:30 P.M. on July 2, 1985. The liquor allegedly caused them to become disoriented, to wander away and become lost in the rural surroundings. At approximately 9:30 P.M. they happened upon a motor vehicle, which they stole. A high-speed chase ensued. Testimony elicited from Borland (Sharland did not testify) established that after stealing the car, the pair were aware the police were giving chase; the officers testified they were in pursuit with sirens and flashing lights activated. The chase ended when defendants struck a telephone pole and flipped over into a ditch; Borland was apprehended immediately. Sharland, who was driving, was captured while attempting to flee.

Defendants were subsequently separately indicted for escape in the first degree. Prior to the joint trial which was had, County Court reduced the charges from escape in the first degree to escape in the second degree; this ruling prompted the People to appeal. Trial on the reduced charges followed, at the conclusion of which the jury returned a verdict of guilty, prompting defendants to appeal.

Only the People's appeal merits comment, and as to that we conclude that County Court did not err in reducing the charges from escape in the first degree to escape in the second degree. A person is guilty of escape in the first degree when: "1. Having been charged with or convicted of a felony, he escapes from a *detention facility*" (Penal Law § 205.15 [emphasis supplied]). A "detention facility" is defined as "any place used for the confinement, pursuant to an order of a court, of a person (a) * * * convicted of an offense" (Penal Law § 205.00 [1] [a]). One is guilty of escape in the second degree if:

"1. He escapes from a *detention facility; or*

"2. Having been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from *custody*" (Penal Law § 205.10 [emphasis supplied]).
"Custody" means "restraint by a public servant pursuant to an authorized arrest or an order of a court" (Penal Law § 205.00 [2]).

By defining escape in the second degree in the disjunctive, the Legislature has distinguished between an escape from "custody" and escape from a "detention facility". Since the work site at Morley was neither in law nor fact a "detention facility" within the purview of Penal Law § 205.15 (1), the decision made by County Court, to which *People v Blank* (87 AD2d 947) lends force, was entirely proper. In *Blank* it was observed that "at the time he allegedly escaped defendant was working at a power house which was down the street from the wall of the facility, *but still a part of* Clinton Correctional Facility" *(supra,* at 948 [emphasis supplied]). Because the situs of escape, the power plant annex, was indeed a "detention facility" as that term is defined in Penal Law § 205.00 (1), the facts of that case supported a conviction of escape in the first degree. Where, as here, the situs of the escape itself is so remotely situated in relation to the "place of confinement", the correction facility, so as not to be considered a part thereof, escape in the first degree does not lie. These defendants were miles from Ogdensburg Correctional Facility when they escaped. Not being confined to a detention facility at the time, they could not have violated Penal Law § 205.15 (1).

Judgments and order affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.