STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR
WINNESHIEK COUNTY,
Defendant.

No. 90–36.

Supreme Court of Iowa.

Dec. 19, 1990.

Rehearing Denied Jan. 24, 1991.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Dale Putnam, County Atty., for plaintiff.

Judith O'Donohoe of Eggert, Erb, Ott, O'Donohoe & Frye, Charles City, for defendant.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Plaintiff, State of Iowa, brought this original certiorari action to challenge the district court's determination that a county jail does not constitute a "detention facility" within the meaning of Iowa Code section 719.8 (1989). The State also challenges the district court's action in accepting, despite the objection of the prosecutor, a plea of guilty to a charge not set forth in the trial information. We sustain the writ.

On September 1, 1989, a county attorney's trial information was filed charging defendant, Michael Dean Gulrud, with two counts of obstructing justice, a class "D" felony, in violation of Iowa Code section 719.8 (1989). Count I alleges that the defendant "did unlawfully and willfully furnish or knowingly make available a controlled substance to an inmate at a detention facility" in violation of section 719.8. Count II of the trial information similarly alleges that defendant "did unlawfully and willfully introduce a controlled substance into the premises of the Winneshiek County Jail" in violation of section 719.8. Trial was set for December 14, 1989. Defendant

waived his right to a trial by jury and the case proceeded to trial to the court.

During the bench trial, the district court ruled as a matter of law that a county jail does not constitute a "detention facility" within the meaning of section 719.8. The court determined that in light of this distinction, defendant could not be convicted of the crime charged under that section. Defendant then offered to plead guilty to the lesser-included offense of possession with intent to deliver, also a class "D" felony, with the understanding that the offense was an accommodation offense as defined in Iowa Code section 204.410 (1989). Over the objection of the county attorney, the district court accepted this guilty plea. The State then filed a petition for writ of certiorari which was granted by this court. Sentencing is stayed pending the outcome of this certiorari action.

■ Defendant contends, by way of Iowa Rule of Civil Procedure 308, that our scope of review in a certiorari action is strictly limited to questions of jurisdiction or illegality. This is not the law. Iowa Rule of Appellate Procedure 304 also provides that:

> If any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. Any one of the foregoing remedies may under this rule be treated by the appellate court or the one it deems appropriate.

Reading these rules together, we recently held that while "[r]elief in certiorari is ordinarily limited to questions of jurisdiction or illegality and not for correcting errors at law ... 'courts frequently consider defects and errors in the proceedings of the inferior tribunal which are not strictly of a jurisdictional nature.'" *State v. Iowa Dist. Court*, 463 N.W.2d 885, 886 (Iowa 1990) (citations omitted).

It is apparent from the record that the ruling of the district court hinges upon its view that a "detention facility," as that term is used in section 719.8, could not

include a "county jail" in light of Iowa Code chapter 356A (1989). Chapter 356A does not refer to section 719.8 (or vice versa), but does provide that:

> A county board of supervisors may, by majority vote, establish and maintain by lease, purchase, or contract with a public or private nonprofit agency or corporation, facilities where persons may be detained or confined pursuant to a court order as provided in section 356.1. The facilities may be in lieu of or in addition to the county jail. The board shall establish rules and regulations for the operation of each facility. A person detained or confined to such a facility shall be required to do all the cleaning, upkeep, maintenance, minor repairs, and anything else necessary to properly maintain, operate, and preserve the facility. The sheriff shall not have charge or custody of a person detained or confined in such facility or transferred thereto. Such facility need not contain cells, cell blocks, or bars, if it is not necessary for the protection of the public, as determined by the board.

Iowa Code section 356A.1 (1989). Since the legislature provided in section 356A.1 that "facilities where persons may be detained or confined ... may be in lieu of or in addition to the county jail," apparently the district court reasoned that the legislature must have intended "detention facility," as used in section 719.8, to exclude county jails. The State contends that the district court erred in this reasoning and argues that our legislature intended to prohibit the introduction of drugs into any facility in which persons have been detained or confined by legal process.

When interpreting statutes, we are guided by familiar principles of statutory construction.

> Of course, the polestar is legislative intent. Our goal then, is to ascertain that intent and, if possible, give it effect. To ascertain the legislative intent we must look to what the legislature said, rather than what it should or might have said. Words are given their ordinary meaning unless defined differently by the legisla-

ture or possessed of a particular and appropriate meaning in law. However, we must avoid legislating in our own right and placing upon statutory language a strained, impractical or absurd construction.

*Shaw v. Soo Line R.R. Co.,* 463 N.W.2d 51, 53 (Iowa 1990) (quoting *Hearst Corp. v. Iowa Dep't of Revenue and Fin.,* 461 N.W.2d 295, 299–300 (Iowa 1990) (citations omitted)).

■ "Detention facility," as used in section 719.8, is ambiguous. It does not appear in the criminal definitions, *see* Iowa Code ch. 702 (1989), the general definitions, *see* Iowa Code § 4.1 (1989), or the entries of dictionaries. *See, e.g., Webster's Ninth New Collegiate Dictionary* (1986). Also, depending on the circumstances, its usage may be broad or narrow. *See* 60 Am. Jur.2d *Penal and Correctional Institutions* § 2, at 1129 (1987); 72 C.J.S. *Prisons* § 1, at 414–15 (1987); *cf. State v. Knipe,* 349 N.W.2d 770, 771 (Iowa 1984) (prison work camp amounts to a "detention facility" or "penal institution" within the meaning of Iowa Code section 901.8). *Compare People v. Braun,* 135 A.D.2d 1114, 523 N.Y.S.2d 289, 290 (1987) ("detention facility" includes prison bus); *and People v. Walter,* 115 A.D.2d 52, 499 N.Y.S.2d 280, 281, *appeal denied,* 67 N.Y.2d 952, 502 N.Y.S.2d 1046, 494 N.E.2d 131 (1986) ("detention facility" includes secured psychiatric center); *and Sureeporn Roll v. State,* 473 N.E.2d 161, 163 (Ind.App.1985) ("penal facility" includes halfway house); *and In re C.D.M.,* 125 Wis.2d 170, 370 N.W.2d 287, 289–90 (1985) ("detention facility" includes state training schools, in part because children confined there referred to as "prisoners" under statute); *and State v. Peters,* 35 Wash.App. 427, 667 P.2d 136, 138 (1983) ("detention facility" includes places within furlough program); *and People v. Blank,* 87 A.D.2d 947, 451 N.Y.S.2d 242, 243 (1982) ("detention facility" includes power plant next to correctional facility); *and People v. Carter,* 117 Cal.App.3d 546, 172 Cal.Rptr. 838, 839 (1981) ("jail" includes block of temporary holding cells in sheriff's station); *and State v. Pietraszewski,* 283 N.W.2d 887, 890–91 (Minn.1979) ("state in-

stitution" includes state security hospital); *and State ex rel. Farruggio v. Nenna,* 57 Misc.2d 229, 291 N.Y.S.2d 749, 750 (Sup.Ct. 1968) ("detention facility" includes house for detention of narcotics addicts); *with Oxman v. United States,* 148 F.2d 750, 752–53 (8th Cir.), *cert. denied.,* 325 U.S. 887, 65 S.Ct. 1569, 89 L.Ed. 2001 (1945) ("jail or other place of detention" excludes locked room in marshall's office); *and People v. Sharland,* 130 A.D.2d 819, 515 N.Y. S.2d 144, 145 (1987) ("detention facility" excludes village work site).

The precursor to section 719.8 prohibited the bringing of drugs into "any county jail, city jail, or other place where persons may be committed or detained pursuant to law." Iowa Code § 745.15 (1977). In 1976, when the new criminal code was adopted, the legislature elected to use the phrases "detention facility," "correctional institution," and "institution under the management of the Iowa department of corrections" in Iowa Code section 719.8. *See* 1976 Iowa Acts ch. 1245, § 1908; Iowa Code § 719.8 (1979).

Although the language has been changed, we presume the legislature did not intend a radical narrowing of criminal liability in section 719.8 by electing to use these new phrases. *See State v. Rauhauser,* 272 N.W.2d 432, 434 (Iowa 1978); *Emory v. Fenton,* 266 N.W.2d 6, 10 (Iowa 1978). *See also* 4 J. Yeager & R. Carlson *Iowa Practices* § 131, at 35 (1979). In fact, the legislature's intent is most likely indicated through section 719.8 (as amended), by the stated purpose, "to maintain safety, security, order, and discipline" in all detention facilities, correctional institutions, and institutions under the management of the department of corrections. *See* Annotation, *Conveying Contraband to Prisoner,* 64 A.L.R. 4th 902, 909–10 (1988); *accord State v. Jones,* 298 N.W.2d 296, 299 (Iowa 1980). Moreover, these statutes, sections 719.8 and 356A.1, pertain to different subject matter and are not in pari materia.

We therefore conclude that the district court erred in its interpretation of section 719.8 in determining the phrase "detention facility" does not include county jails.

**236**

■ Based on its analysis that count I, which charged a violation in a detention facility, was legally defective, the district court proceeded to accept, over the objection of the county attorney, defendant's plea of guilty to the lesser-included offense of possession with intent to deliver, even though such charge was not set forth in the trial information. *Cf. State v. Iowa Dist. Court*, 463 N.W.2d at 886. This month we decided in *State v. Iowa Dist. Court* that the trial court is without authority to accept a guilty plea to a lesser-included offense over the prosecutor's objection. *Id.* 463 N.W.2d at 886. In so doing the court erred here.

■ Relying on *State v. Birkestrand*, 239 N.W.2d 353, 363 (Iowa 1976) and Iowa Code section 816.3(3) (1989), defendant argues that by accepting his plea of guilty to the lesser-included offense of possession with intent to deliver, a charge not set forth in the trial information, the court is now barred from any further prosecution for a higher degree offense. Although we have no disagreement with the general principles espoused in the authorities cited by defendant, we do disagree with their applicability in this action.

The prohibition against prosecution after the vacation of a guilty plea presumes the existence of a valid guilty plea in the first place. *See* 4 *Wharton's Criminal Evidence* § 672, at 296–99 (1987); 21 Am. Jur.2d *Criminal Law* § 256, at 452, § 258, at 454, § 270, at 475, § 271, at 476 (1981); Annotation, *Retrial for Greater Offense*, 14 A.L.R. 4th 970, 975–76 (1982).

In the present action, not only was the guilty plea invalid, but the county attorney took no part in, and in fact resisted, the guilty plea proceedings initiated by the defendant. Moreover, defendant's consent and participation in those proceedings amounted to a constructive waiver of his double jeopardy protection.

In our case of *State v. Bartlett*, 181 Iowa 436, 438–39, 164 N.W. 757, 758 (1917), this court stated that:

> The law has long been settled that if one procures himself to be prosecuted for an offense in order to get off with slight punishment, and thereby bar a prosecution in good faith by the state for the same offense, and such prosecution is really by himself either directly or indirectly through the agency of another and the state, though a party to the proceedings in name, is not so in fact, and has no actual agency in the matter, the judgment entered is void, and affords the accused no protection. While the ground for so holding is usually stated to be the fraud practiced by the accused, a better reason for such decisions is that the state has never become a party to the action. The state can no more be bound by a judgment to which it is not a party than can a citizen of the state.

(Citations omitted.)

We find the proceedings of the district court to be void, jeopardy does not attach and the State is free to prosecute the accused for the higher degree of offense if it so chooses.

WRIT SUSTAINED.