█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY E. SWAN, Appellant. [855 NYS2d 796]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered April 10, 2007. The judgment *convicted* defendant, upon his plea of guilty, of escape in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of escape in the second degree (Penal Law § 205.10 [1]), defendant contends that his plea allocution was *legally insufficient* because he stated therein that he escaped from jail while gardening on the grounds outside the jail and thus did not escape from "a detention facility" within the meaning of the statute. Defendant failed to preserve his contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]). This case does not fall within the narrow exception to the preservation doctrine, requiring County Court to conduct a further in-

quiry to ensure that the plea was knowingly and voluntarily entered (*see id.* at 666). The crime to which defendant pleaded guilty requires "escape[ ] from a detention facility" (Penal Law § 205.10 [1]), and the garden area from which defendant fled was approximately 200 to 300 feet outside the jail and was a part of the detention facility (*see generally People v Blank*, 87 AD2d 947 [1982]). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.