# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

55

KA 09-02349

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TROY E. SWAN, DEFENDANT-APPELLANT.

---

CYNTHIA B. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN N. BAUERSFELD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered May 21, 2009. The judgment convicted defendant, upon a nonjury verdict, of escape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant previously was convicted upon his plea of guilty of escape in the second degree (Penal Law § 205.10 [1]), based on allegations that he escaped from a detention facility while working as a member of a gardening crew. We affirmed the judgment of conviction (*People v Swan*, 50 AD3d 1566) but, when the Court of Appeals thereafter granted defendant's motion for leave to appeal (*Swan*, 11 NY3d 795), the People consented to vacate the judgment provided, inter alia, that a bench trial would be conducted on stipulated facts. In our decision in the prior appeal, we had noted that defendant failed to preserve for our review his contention that the plea allocution was legally insufficient because defendant stated therein "that he escaped from jail while gardening on the grounds outside the jail and thus did not escape from 'a detention facility' within the meaning of the statute" (*Swan*, 50 AD3d at 1566), and we further noted that defendant's contention did not fall within the rare case exception to the preservation doctrine (*id.* at 1566-1567). Following the bench trial, County Court found defendant guilty as charged and, on appeal from the judgment of conviction, defendant now contends that the evidence is legally insufficient to support the conviction. We affirm.

According to the stipulated facts as well as testimony presented by the People, defendant was working in an area located a few hundred feet from the detention facility when he fled. The area was on property owned by Cayuga County, and it was used exclusively by the detention facility for gardening by inmates. Inmates assigned to the

gardening crew, including defendant, were escorted by and worked under the supervision of one or more correction officers.  We thus conclude that, contrary to defendant's contention, the area was part of the detention facility within the meaning of Penal Law § 205.10 (1) (*see People v Blank*, 87 AD2d 947; *cf. People v Sharland*, 130 AD2d 819). Inasmuch as the People submitted uncontested evidence that defendant escaped from the facility, i.e., its gardening area, on the date specified in the indictment, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  February 10, 2011

Patricia L. Morgan
Clerk of the Court