**IN THE COURT OF APPEALS OF IOWA**

No. 15-0527
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LIONEL CLARK,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.


        The defendant appeals his conviction and sentence for introduction of

contraband (a controlled substance) into a jail.  **AFFIRMED.**



        Karl G. Knudson, Decorah, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee.



        Considered by Tabor, P.J., McDonald, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Lionel Clark appeals his conviction for introduction of contraband (a controlled substance) into a jail.[1] Clark maintains he received ineffective assistance from trial counsel because trial counsel failed to object to a mid-trial amendment to the charge as to the code section. He also maintains the sentence he received is cruel and unusual, in violation of his constitutional rights.

**I. Background Facts and Proceedings.**

On July 15, 2014, Clark was charged by trial information with introducing contraband (controlled substance) into a detention facility, in violation of Iowa Code section 719.7(3)(a) (2013). The matter proceeded to jury trial on February 10–12, 2015. Immediately prior to the commencement of trial, upon the prosecution's motion, the charge was amended to instead allege a violation of Iowa Code section 719.8, entitled "Furnishing a controlled substance or intoxicating beverage to inmates at a detention facility."

At trial, it was established, both through the officers' and Clark's testimony, that Clark was stopped by officers who observed him staggering in the street sometime after 11:30 p.m. on July 4, 2014. Clark had been drinking before he was stopped. He voluntarily submitted to a preliminary breath test, and the result showed his blood alcohol content was .164. The officers handcuffed Clark, placed him in a squad car, and told him they were "going to take [him] in for the night for public intox[ication]." At trial, Clark admitted he had marijuana on him when he was stopped and handcuffed by the officers, but he testified that the

---

[1] Clark was also charged and convicted of possession of marijuana (second offense) and public intoxication (second offense), but he does not appeal these convictions.

officers had confiscated it from him before placing him in the squad car. He testified that he responded to the officers' questions about having any illegal materials on him with a negative because they had already confiscated the marijuana from him at that time. The officers testified they did not find marijuana on Clark before placing him in the squad car and stated that he had denied having any illegal items on him when asked.

Once they reached the police station, Clark was placed in a jail cell and searched more completely. Officer Mast testified that the cell Clark was searched in had been checked for contraband when Mast's shift started, and it was completely empty. He further testified that no one else had been placed in the cell before Clark. According to the officer, when they were conducting the more complete search of Clark—removing his shoes, socks, etc.—he noticed a small plastic bag on the ground near Clark's feet. The contents of the bag were later tested and confirmed to be .5 grams of marijuana.

After the defense rested, the parties and the court spoke about jury instructions on the record, outside the presence of the jury. The court indicated there had been an off-the-record discussion about whether "this should be charged under [Iowa Code sections] 719.8 or 719.7."[2] After some discussion about changes to the statute as well as recent case law, the court announced, "Well, because 719.7 is now so clear that it does apply to county jails as well as facilities under the supervision of the Department of Corrections, I'm going to recast this so that it would fit under 719.7, recast this marshalling instruction so

---

[2] The record reflects that the State had not moved to amend the charge at this time.

that it would." During the discussions on the record, defense counsel argued for application of Iowa Code section 719.7, and the State acquiesced that the jury could be instructed under either section 719.7 or 719.8. The corresponding jury instruction given to the jury stated:

> The State must prove all of the following elements of Introducing a Controlled Substance Into a Jail:
>
> 1. On or about the 5th day of July, 2014, the defendant knowingly introduced marijuana into the Black Hawk County Jail.
> 2. Marijuana is a controlled substance.
>
> If the State has proved both of these elements, the defendant is guilty of Introducing a Controlled Substance Into a Jail. If the State has failed to prove any one of the elements, the defendant is not guilty.

The jury found Clark guilty of each of the charged offenses. He was sentenced to a term of incarceration not to exceed five years for introducing a controlled substance into a jail, and one year each for public intoxication, second offense, and possession of a controlled substance (marijuana), second offense. The sentences were ordered to run concurrently.

Clark appeals.

**II. Standard of Review.**

We may decide ineffective-assistance-of-counsel claims on direct appeal if we determine that the record is adequate. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review claims of ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

Clark maintains his sentence is cruel and unusual in violation of the Eighth Amendment of the United States Constitution and article 1, section 17 of the Iowa Constitution. We review constitutional claims de novo. *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

## III. Discussion.

### A. Ineffective Assistance.

To prevail on a claim of ineffective assistance of counsel, Clark must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez,* 804 N.W.2d 844, 848 (Iowa 2011). To establish prejudice, Clark must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See State v. McCoy,* 692 N.W.2d 6, 25 (Iowa 2005). An attorney's improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006). Furthermore, because tactical decisions by counsel must be judged within the context of the totality of the circumstances on a case-by-case basis, it is often necessary to preserve such allegations for postconviction proceedings so that the record can be more fully developed. *Id.; see also* Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for [postconviction proceedings].").

Clark's claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010).

On appeal, Clark makes two claims of ineffective assistance. He argues that trial counsel was ineffective both for failing to object to the charge being amended from section 719.8 to section 719.7 after both sides rested[3] and failing to move for a motion of judgment of acquittal[4] as to the charge under section 719.8. To establish he suffered prejudice from either of trial counsel's alleged errors, Clark must establish that he would have been acquitted under section 719.8.

Iowa Code section 719.8 provides, in pertinent part, "A person not authorized by law . . . who introduces a controlled substance or intoxicating beverage into the premises of a [detention facility], commits a class 'D' felony." Clark makes several specific arguments regarding why he could not be convicted under section 719.8, and we respond to each in turn.

---

[3] We note Clark also claims trial counsel was ineffective for allowing Clark's due process rights to be violated with the late change of the charge. Clark maintains the late change prevented him from receiving "adequate notice." Although the procedure was atypical and imprudent, it did not affect Clark's receipt of notice. Clark was charged by trial information with a violation of section 719.7 in July 2015. That is the charge he intended to defend against the entire time leading up to trial and the charge the jury was ultimately instructed on. Because Clark has not identified any way in which the amendment of the code section affected either the defense he presented or would have presented, he has not established that he was prejudiced by the late change.

[4] Although appellate counsel refers to the defendant's motion as one for directed verdict, it appears trial counsel correctly made a motion for judgment of acquittal. For purposes of the appeal, we treat appellate counsel's claim regarding a motion for a directed verdict as a claim regarding a motion for judgment of acquittal. *See State v. Adney*, 639 N.W.2d 246, 249 n.2 (Iowa Ct. App. 2001); *see also State v. Deets*, 195 N.W.2d 118, 123 (Iowa 1972) (holding that grant of motion for directed verdict is tantamount to a judgment of acquittal in a criminal action) *overruled on other grounds by State v. Walker*, 574 N.W.2d 280, 283 (Iowa 1998).

First, Clark argues a county jail is not a "detention facility." However, our caselaw has established otherwise. *See State v. Mitchell*, 650 N.W.2d 619, 620 (Iowa 2002); *see also State v. Iowa Dist. Ct.*, 464 N.W.2d 233, 235 (Iowa 1990) (interpreting section 719.8 and holding that the phrase "detention facility" includes county jails). Next, Clark maintains we must read the language of section 719.8 to find that the use of "premises," which is an undefined word in the statute, is "intended to be a reference to the part of the jail housing the general inmate population." Although we are not convinced the legislature intended a definition of premises other than the generally accepted one,[5] we do not believe that even Clark's proffered definition would require a finding that Clark did not violate the statute. Clark was in a secure area of the building and, more specifically, placed in a cell for the search to be conducted. Although there were no other inmates there at the time the search was conducted, it is clearly a place inmates are meant to be kept.

Next, Clark maintains that section 719.8 should be interpreted as a specific-intent crime. In the alternative, he maintains that even if it is a general-intent crime, there is still not sufficient evidence to support a finding he intended to bring the marijuana onto the premises. In *State v. Canas*, 597 N.W.2d 488, 495 (Iowa 1999),[6] our supreme court was specifically asked to determine whether section 719.8 is a general or specific intent crime. The court held:

> A review of the statutory language reveals that the offense criminalizing the introduction of controlled substances into a

---

[5] "Premises" are defined as: "A house or building, along with its grounds." *Premises*, Black's Law Dictionary (10th ed. 2014).
[6] *Abrogated on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001).

detention facility does not require an intent to do any further act or achieve some additional consequence other than the prohibited conduct of introducing a controlled substance into a detention facility. It is a general intent crime . . . .

*Canas*, 597 N.W.2d at 495–96. Although the section has been amended slightly since the court considered it, we are not persuaded that the changes have affected the requisite intent. Finally, substantial evidence supports a finding that Clark had the general intent to introduce marijuana, a controlled substance, into the premises of the jail.

In *Canas*, the defendant claimed his trial counsel should have argued the defendant's submission to police authority while he had drugs on his person was not sufficient to show he had the intent to voluntarily introduce drugs into the jail. *Id.* at 495. The court was unpersuaded by the defendant's argument, stating, "[T]he defendant in the case at bar had the option of disclosing the presence of drugs concealed on his person before he entered the jail and became guilty of the additional offense of introducing controlled substances into a detention facility." *Id.* at 496. Clark also argues that by doing so he would have incriminated himself for a different crime, but "[t]he criminal process includes many situations which require a defendant to make difficult judgments regarding which course to follow." *Id.* Clark further maintains *Canas* is not applicable because he did not know he was under arrest when he was taken to the jail. Clark's testimony at trial belies this assertion. He testified that as he was being handcuffed and placed in the squad car, the officers told him they were "going to take [him] in for the night for public intox[ication]." Additionally, although Clark testified that the officers removed the marijuana from him before placing him in

the squad car, the jury clearly found the officers' testimony more credible than Clark's. Clark knew he had a controlled substance on his person, knew he was being taken to jail, and failed to disclose his possession of the controlled substance when asked; nothing more is required to violate section 719.8. *See id.* at 495–96.

Because each of his arguments regarding section 719.8 fails, Clark cannot establish that he was prejudiced by trial counsel's alleged errors.

### B. Cruel and Unusual Punishment.

Clark maintains the five-year sentence he received for violating section 719.7 is cruel and unusual, in violation of the Eighth Amendment of the United States Constitution and article 1, section 17 of the Iowa Constitution. Clark urges us to adopt our own framework when reviewing his claim. Because it is generally the role of our supreme court to decide if precedent should be abandoned, we decline Clark's entreaty and apply the framework as our supreme court has before. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally it is the role of the supreme court to decide if case precedent should no longer be followed.").

Two types of challenges to a sentence for a term of years have been recognized. A defendant may make a categorical challenge to the sentence, contending "a particular sentencing practice violated the Eighth Amendment." *State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012). A defendant may also make a "gross proportionality challenge to [the] particular defendant's sentence." *Id.* Clark makes a gross proportionality challenge to his particular sentence.

The Iowa Supreme Court set forth the framework for this challenge in *State v. Oliver:*

> The first step in this analysis, sometimes referred to as the threshold test, requires a reviewing court to determine whether a defendant's sentence leads to an inference of gross disproportionality. This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence. If, and only if, the threshold test is satisfied, a court then proceeds to steps two and three of the analysis. These steps require the court to engage in an intrajurisdictional analysis comparing the challenged sentence to sentences for other crimes within the jurisdiction. Next, the court engages in an interjurisdictional analysis, comparing sentences in other jurisdictions for the same or similar crimes.

812 N.W.2d at 647 (citation omitted). While the framework for analyzing a gross proportionality challenge to an individual sentence is the same under the federal and state constitutions, the Iowa Supreme Court has instructed "that review of criminal sentences for gross disproportionality under the Iowa Constitution should not be a 'toothless' review." *Id.* This means we apply "a more stringent review than would be available under the Federal Constitution." *Id.* at 650.

We first decide whether Clark's sentence leads to an inference of gross disproportionality. In making this determination, we consider several general principles. First, "we owe substantial deference to the penalties the legislature has established for various crimes." *Id.* "Criminal punishment can have different goals, and choosing among them is within a legislature's discretion." *Graham v. Florida*, 560 U.S. 48, 71 (2010). Second, "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Oliver*, 812 N.W.2d at 650. Third, "a recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time

offender." *Id.* And finally, the unique circumstances of a defendant can "converge to generate a high risk of potential gross disproportionality." *Id.* at 651.

Here, Clark was convicted of a class "D" felony. Although he received the maximum sentence for that particular crime, the district court also ran his other sentences concurrently. *See* Iowa Code § 902.9(1)(e). Additionally, Clark is a recidivist, and he could have been charged as a habitual offender, in which case he could have received a fifteen-year sentence for the same conviction. *See* Iowa Code § 902.9(1)(c). Much of Clark's argument regarding the disproportionality of the sentence involves his claim that a small amount of marijuana on his person should not be treated the same as if he brought a weapon into the premises. It is not. Bringing a "dangerous weapon, offensive weapon, pneumatic gun, stun gun, firearm ammunition, knife of any length" is a violation of 719.7(4)(a) and is a class "C" felony, which carries a punishment of "no more than ten years." Iowa Code § 902.9(1)(d). Additionally, Clark maintains the punishment is disproportional because he did not voluntarily bring the contraband onto the premises. For all of the reasons explained in the first section, this argument also fails.

Here, giving deference to the sentence established by the legislature and having considered each of Clark's arguments, we are not persuaded that Clark's sentence gives rise to an inference of gross disproportionality. Thus, we need not proceed to steps two and three of the analysis. *See Oliver*, 812 N.W.2d at 653.

**IV. Conclusion.**

Because Clark cannot establish he was prejudiced by trial counsel's alleged errors, his claims for ineffective assistance fail. Additionally, because his five-year sentence does not meet the threshold test of leading to an inference of gross disproportionality, his claim that the sentence is cruel and unusual fails. We affirm.

**AFFIRMED.**