# IN THE SUPREME COURT OF IOWA

No. 15–0545

Filed March 10, 2017

**JEREMY D. YOCUM,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Lee (South) County, John G. Linn, Judge.

A defendant requests further review of a court of appeals decision affirming the dismissal of his postconviction-relief action. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Thomas A. Hurd of Glazebrook Moe & Hurd LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Michael Short, County Attorney, and Bruce C. McDonald, Assistant County Attorney, for appellee.

**PER CURIAM.**

Jeremy D. Yocum pled guilty to failure to appear for sentencing under section 811.2(8) of the Iowa Code (2007). He filed a postconviction-relief action claiming his counsel was ineffective for various reasons. The district court denied every claim of ineffective assistance of counsel raised by Yocum. In this appeal, he claims postconviction counsel was ineffective when he allowed Yocum to plead guilty when a factual basis did not exist for the plea. The court of appeals held it could not reach this issue on appeal because the record was insufficient to determine whether a factual basis existed at the time Yocum pled guilty. Yocum asked for further review of this decision, which we granted.

When a defendant alleges a factual basis did not exist to support his or her guilty plea, it is the court's obligation to examine the entire record to see if a factual basis for the guilty plea existed. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). A factual basis either exists or does not exist. If the record contains a factual basis, the court must uphold the guilty plea.

If the record does not contain a factual basis for the plea, the court has two alternatives. If the record shows the State charged the defendant with the wrong crime and there is no possibility the State could establish a factual basis for that crime, we vacate the judgment of conviction and sentence, and remand the case for the district court to dismiss the case. *Id.* at 792. If, however, the record shows the State could establish a factual basis for the crime charged, we remand the case for further proceedings. *State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006). On remand, the district court can allow the State to establish a factual basis. *Schminkey*, 597 N.W.2d at 792. If the State cannot establish a

factual basis for the plea, the court should vacate the plea. After vacating the plea, the court should allow the State to reinstate any charges dismissed as part of the plea agreement and file any additional charges the available evidence supports. *Allen*, 708 N.W.2d at 369.

In our review of the record, we find a factual basis existed for the court to accept Yocum's plea. At the plea hearing, the court was concerned with the factual basis. At that juncture in the plea proceedings, the court made the following record:

> THE COURT: Well, I'm concerned about getting a good factual basis, to tell you the truth, and I don't want to have this come back and bite me on postconviction relief because there's no factual basis here. So I need to see the other file to be comfortable with that myself. I need to see the paperwork that released him and see exactly what happened 'cuz I could see that happening.
>
> MR. SHORT: I'll go get that.
>
> THE COURT: Yeah.
>
> (A recess was taken from 10:54 a.m. to 11:07 a.m.)
>
> THE COURT: We are now back on the record in the Yocum matter. Counsel have provided me with a copy of -- or actually provided me with the court file in FECR 7473, which is the file in which Mr. Yocum entered a plea of guilty on March 3, 2008, to the charge of conspiracy to manufacture less than 5 grams of methamphetamine and it is on that charge that he failed to appear for sentencing on April 7, 2008.

The transcript indicates the district court took judicial notice of South Lee County File No. FECR007473 when the county attorney provided the file to the court. Yocum did not object to the court taking judicial notice of the file. In determining whether a factual basis exists, the district court can rely on any matter in the record. *State v. Finney*, 834 N.W.2d 46, 50 (Iowa 2013). The plea court used the file to establish the factual basis for Yocum's plea.

Our review of the file confirms that in FECR007473 Yocum's bond was set at $100,000. He was unable to make bond and asked for a bond review hearing. The court denied Yocum's request to lower the bond, but released him from the custody of the county jail and placed him at the Iowa Residential Treatment Center in Mount Pleasant for treatment while he awaited trial. Thereafter, Yocum pled guilty to the charges in FECR007473, and his bond and placement hearing was continued. At the guilty plea proceeding a date for sentencing was set. Yocum failed to appear for sentencing, and the court issued an arrest warrant.

The statements of Yocum further establish he entered the treatment center, left it, and failed to appear at his sentencing after the court released him from the county jail and placed him at the Iowa Residential Treatment Center in Mount Pleasant. Accordingly, the district court correctly determined the record before it and Yocum's statements established a factual basis for his guilty plea for his failure to appear for sentencing under section 811.2(8) of the Iowa Code.

As for Yocum's other claims, we find those without merit and adopt the district court's findings of fact and conclusions of law as our own.

For these reasons, we vacate the decision of the court of appeals and confirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

This opinion shall be published.