# IN THE COURT OF APPEALS OF IOWA

No. 19-0040
Filed September 23, 2020

**ARCHIE LEE JONES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        The applicant appeals the district court decision denying his request for postconviction relief.  **SENTENCES VACATED AND REMANDED.**


        Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee State.


        Considered by Vaitheswaran, P.J., Greer, J., and Danilson, S.J.*  May, J., takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Archie Jones appeals the district court decision denying his request for postconviction relief (PCR). We determine Jones's two sentences for possession of marijuana, third offense, as a habitual offender, should be vacated. We remand to give the State the opportunity to establish a factual basis for the offenses.

## I.    Background Facts & Proceedings

On June 15, 2016, Jones was charged in a felony case with four counts, one being possession of marijuana, third offense, in violation of Iowa Code section 124.401(5) (2016). On June 16, he was charged in a misdemeanor case with two counts, one being possession of marijuana, third offense, in violation of section 124.401(5). In both cases, he was charged as a habitual offender. Jones entered into a plea agreement in which the State agreed to not pursue consecutive sentences in the six charges, which could have led to a sentence of up to 150 years in prison.

During the plea proceeding, while reviewing the factual basis for other charges, Jones stated he was convicted of felony possession of a controlled substance with intent to deliver in 2002 and felony first-degree theft in 2007. He also stated he had a controlled-substance violation in 2007.

On the first charge of possession of marijuana, the court stated Jones was charged with "knowingly possess[ing] marijuana, having been previously convicted of drug offenses on two prior occasions as well as being convicted of felonies on two prior occasions." On the second charge of possession of marijuana, the court stated "it's alleged that you possessed marijuana on May 3, 2016, having been previously convicted of drug offenses on two or more occasions as well as having

two or more felony convictions." Jones admitted he committed the offenses and stated he possessed marijuana on the date of the instant offense. The court accepted Jones's guilty pleas.

Jones was sentenced to a term of imprisonment not to exceed fifteen years on each of the charges of possession of marijuana, third offense, as a habitual offender, to be served concurrently with his sentences on other charges.[1] Jones did not appeal his convictions.

On August 9, 2017, Jones filed a PCR application, raising issues other than those raised on appeal. The district court found Jones did not show he received ineffective assistance of counsel and denied his PCR application. Jones appealed the district court's decision.

## II. Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly,* 657 N.W.2d 462, 465 (Iowa 2003).

## III. Discussion

On appeal, Jones claims he received ineffective assistance because his postconviction counsel did not raise the issue of whether defense counsel

---

[1] Jones was sentenced to a total of fifty years in prison, with all of his sentences to be served concurrently.

improperly permitted him to plead guilty to the two counts of possession of marijuana, third offense, as a habitual offender, when there was not a sufficient factual basis in the record for his pleas. He contends the court's question concerning whether he had been previously convicted of drug offenses was not sufficiently specific, as there is a difference under section 124.401(5) for a person charged with a possession of marijuana, third offense, when the person's previous convictions were for possession of marijuana and a person charged with possession of marijuana, third offense, when the person had previous convictions for other drug offenses.[2]

A court should not accept a guilty plea if there is not a sufficient factual basis for the plea. *State v. Chapman*, 944 N.W.2d 864, 872 (Iowa 2020). We examine the entire record to determine whether there is a factual basis for a defendant's guilty pleas. *Yocum v. State*, 891 N.W.2d 418, 419 (Iowa 2017). "[C]ounsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "Prejudice is presumed under these circumstances." *Id.* at 764–65.

The State points out that Jones was charged with possession of marijuana, third offense, as a class "D" felony and the minutes of testimony set out the previous charges to support the offense. We note, however, the minutes do not

---

[2] If a person is convicted of possession of marijuana, third offense, and the previous convictions are for possession of marijuana, the person is guilty of an aggravated misdemeanor. Iowa Code § 124.401(5). If the person's previous convictions are for drug offenses other than possession of marijuana, the person is guilty of a class "D" felony. *Id.*

specify the prior offenses, stating only that Jones was previously convicted of controlled-substance violations.

Also, during the plea colloquy, the court stated the present charges for possession of marijuana were class "D" felonies. At the hearing, Jones stated he was previously convicted of felony possession of a controlled substance with intent to deliver in 2002. He also stated he was convicted of a controlled-substance violation in 2007. The controlled substance was not named for either prior conviction.

In *State v. Cortez*, 617 N.W.2d 1, 3 (Iowa 2000), the Iowa Supreme Court agreed with the State's position that

> section 124.401(5) is only intended to grant leniency to those charged exclusively with marijuana related offenses. Once a defendant is convicted of a single offense involving other illegal substances, the State alleges all crimes committed prior or subsequent thereto could be used to enhance the offender's sentence under the stricter, felony track.

*Accord State v. Spencer*, No. 17-0360, 2018 WL 2230722, at *4 (Iowa Ct. App. May 16, 2018).

In the present case, the record is not sufficient to show whether Jones was previously convicted exclusively with marijuana-related offenses or whether his convictions involved other illegal substances. The State concedes, "Neither the plea hearing transcript nor the trial information/minutes specifically state what the 'controlled substance' was in the two prior cases."

Where the record does not present a factual basis for an offense, but "it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an

opportunity to establish a factual basis." *State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999). If the State is not able to establish a factual basis for the plea on remand, the court should vacate the plea. *Yocum*, 891 N.W.2d at 419 ("If the State cannot establish a factual basis for the plea, the court should vacate the plea. After vacating the plea, the court should allow the State to reinstate any charges dismissed as part of the plea agreement and file any additional charges the available evidence supports." (*citing State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006))).

We determine Jones's two sentences for possession of marijuana, third offense, as a habitual offender, should be vacated. The case is remanded to the district court to give the State the opportunity to present a factual basis for Jones's guilty pleas.

**SENTENCES VACATED AND REMANDED.**