STATE, Respondent, vs. BRILL, Appellant.*

*May 10—June 4, 1957.*

* Motion for rehearing denied, without costs, on September 10, 1957.

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by the *Attorney General,* and *William A. Platz,* assistant attorney general, and *Dexter D. Black,* district attorney of Racine county, and *Edward A. Krenzke,* special assistant district attorney, and oral argument by *Mr. Krenzke* and *Mr. Platz.*

BROADFOOT, J. The first question to be determined is whether or not the defendant was a prisoner more than six months after December 24, 1954, when he was bound over, or in the words of the statute "held to answer." The statute quoted above was in effect for more than six months after that date. The defendant contends that he was a prisoner although not confined in the county jail because he had given bail. The state on the other hand contends that "prisoner" refers only to persons confined in a jail or prison.

In its brief the state traces the history of the statute. When originally passed in 1849 the statute referred to "any person held in prison." That language was continued until 1878 when it was changed to read "any person held imprisoned." In 1949 the legislature enacted ch. 631, whereby the criminal procedure chapters were given a general revision. The bill was drafted by the then advisory committee on rules of pleading, practice and procedure, now known as the judicial council. The state therefore urges that this was merely a revision bill and that such bills should not be construed as changing the existing substantive law unless the language compels such construction.

The act was much more than a revision bill, and it contained many substantive changes. Several pages of notes

were attached to the original bill but none of said notes referred to the change in the language in sec. 355.01, Stats. 1953. The language therefore must be construed as in any other criminal statute.

So far as we know, the word "prisoner" has not been defined by this court. Black, Law Dictionary (4th ed.), p. 1358, defines the word as follows:

"One who is deprived of his liberty; one who is against his will kept in confinement or custody."

Webster's New International Dictionary (2d ed.), gives the following definition:

"A person under arrest, in custody, or in prison; one involuntarily restrained; a captive; as a prisoner of justice, of war or at the bar; to take one prisoner."

In *State v. Bates,* 140 Conn. 326, 330, 99 Atl. (2d) 133, the supreme court of errors of Connecticut, in passing upon this question, said (99 Atl. (2d) 135):

" 'The object of requiring bail is to compel the presence of defendant in court, to the end that justice may be administered.' 8 C. J. S., Bail, sec. 4, p. 6. Its purpose is 'to secure the presence of the person charged with crime at his trial . . . and to force him to submit to the jurisdiction and the punishment imposed by the court.' 8 C. J. S. Bail, sec. 30, p. 49. 'Upon admission to bail, the accused is then not only in the custody of his bail, but he is also in the custody of the law.' *Commonwealth v. Miller,* 105 Pa. Super. 56, 59, 160 A. 240; *Ryan v. Ebecke,* 102 Conn. 12, 15, 128 A. 14, 40 A. L. R. 88. 'He is still, constructively, in the custody of the law. The dominion of the surety is a continuance of the original imprisonment.' *Matter of Lexington Surety & Indemnity Co.* 272 N. Y. 210, 213, 5 N. E. (2d) 204, 205. The custody of bail is a continuance of the original imprisonment. *Taylor v. Taintor,* 16 Wall. 366, 83 U. S. 366, 371, 21 L. Ed. 287; 6 C. J. S., Arrest, sec. 22, p. 627. This exposition of the nature and effect of bail, and of the status of one released thereon, makes clear that in this case there

is no distinction to be drawn between actual physical custody of the defendant and constructive custody under bail."

In *State ex rel. Smith v. Western Surety Co.* 154 Neb. 895, 898, 50 N.W. (2d) 100, the supreme court of Nebraska quoted the following from *Taylor v. Taintor* referred to above in the Connecticut case:

" 'When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another state; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner.' "

Since the statute under consideration is a criminal statute and the defendant was charged with having committed a crime, the word "prisoner" must be given its broad meaning, and even though under bail it must be held that he was a prisoner in the sense that the word is used in the statute. The state contends that the section is merely to implement the provisions of the constitution that a defendant charged with a crime is entitled to a speedy trial. We cannot agree with that argument. Sec. 355.10, Stats. 1953, reads as follows:

"Prisoner, when tried. Every defendant in prison shall, if he requests it, be tried not later than the next term of court after his imprisonment began or he shall be bailed without sureties, unless it appears to the court that witnesses on behalf of the state have been enticed or kept away or are prevented from attending the court by sickness or accident."

A similar statute appeared in sec. 12 of ch. 146, Stats. 1849. That is the section designed to promote speedy trials for persons charged with a crime when held in prison. It is significant to note that the words "Every defendant in prison" in sec. 355.10, Stats. 1953, was not changed by the revision of 1949. If the legislature was referring to defendants in the same status, they would have been consistent in retaining the same language in both sections.

The state finally contends that the writ of *habeas corpus* is paramount and supersedes all other writs during the pendency of the proceedings, and the safekeeping of a prisoner is entirely under the authority and direction of the court which issued the writ and to which the return is made. The authorities cited in the state's brief support that contention. However, that would not prevent the information being filed before the end of six months after a prisoner is held to answer; in other words, after he is bound over for trial in a court of proper jurisdiction. The statute is mandatory and the fact that the defendant himself caused delay in the trial is not an exception therein. We must therefore hold that the motion to discharge the defendant made on May 10, 1956, should have been granted.

*By the Court.*—Order and judgment reversed. Cause remanded with directions to discharge the defendant.

FAIRCHILD, J., took no part.