IN the INTEREST OF C.D.M.: C.D.M., Petitioner-Appellant,

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 84–2319–LV. Submitted on briefs April 8, 1985.—
Decided May 28, 1985.*
(Also reported in 370 N.W.2d 287.)

For the appellant there were briefs by *Charles Bennett Vetzner,* assistant state public defender.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J. C.D.M. appeals an order of the circuit court waiving its juvenile jurisdiction.[1] The state accuses C.D.M. of causing bodily harm to an employee of

---

[1] Leave to appeal the nonfinal order of the juvenile court is granted pursuant to sec. 808.03(2), Stats.

Lincoln Hills School, contrary to sec. 940.20 (1), Stats. The statute provides that any prisoner confined to a prison or detention facility who commits a battery to an officer, employee, visitor or inmate of the institution is guilty of a Class D felony. C.D.M. argues that the charge should be dismissed because a delinquent confined to Lincoln Hills is not a prisoner in a prison or detention facility within the meaning of sec. 940.20 (1). He also argues that the circuit court improperly waived its juvenile jurisdiction. Because sec. 940.20 (1) applies to a delinquent confined at Lincoln Hills, and because the circuit court properly exercised its discretion, we affirm the order waiving juvenile jurisdiction.

## C.D.M.'s STATUS AS A PRISONER

In *State v. Brill,* 1 Wis. 2d 288, 291, 83 N.W.2d 721, 723 (1957), our supreme court defined prisoner as "one who is deprived of his liberty; one who is against his will kept in confinement or custody." The deprivation of liberty also must occur as a result of a violation of the law. *See Meyer v. City of Oakland,* 166 Cal. App. 3d 770, 166 Cal. Rptr. 79 (1980) (a prisoner is a person confined under authority of law and pursuant to a penological or a correctional objective). This definition is supported by the fact that the statutory subchapter that includes sec. 946.43, Stats., assaults by prisoners, and sec. 946.44, Stats., assisting escape of prisoner, is entitled "Interference with Law Enforcement." The subchapter title indicates that a prisoner is a person who has been confined as a means of enforcing the law. We may consider titles of statutes to resolve doubt as to statutory meaning. *Brennan v. Employment Relations Commission,* 112 Wis. 2d 38, 41, 331 N.W.2d 667, 669 (Ct. App.

1983). Because the language of sec. 940.20(1) is similar to sec. 946.43,[2] the title is relevant in determining the meaning of "prisoner" in both statutes. Our definition of prisoner also is consistent with the definition of that term in sec. 46.011(2), Stats., which includes any person detained by a law enforcement agency, with exceptions for noncriminal detentions.

■ We conclude that a delinquent confined to Lincoln Hills is a prisoner within the meaning of sec. 940.20(1). Lincoln Hills is a secured correctional facility. *See* sec. 48.34(4m), Stats. A child confined there obviously has his liberty curtailed. He also must be adjudicated delinquent, which requires a violation of state or federal law. Section 48.02(3m), Stats. To be confined to Lincoln Hills, a child must commit a criminal violation that would be punishable for an adult by a sentence of at least six months. Section 48.34(4m), Stats. A child is not confined to Lincoln Hills pursuant to a criminal conviction, sec. 48.35(1)(a), Stats., but he is sent there because he violated the law and for a correctional objective. C.D.M. therefore was a prisoner within the meaning of sec. 940.20(1).

---

[2] Section 940.20(1), Stats., states:

Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employe, visitor or another inmate of such prison or institution, without his or her consent is guilty of a Class D felony.

Section 946.43(1), Stats., states:

Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally does any of the following is guilty of a Class C felony:

(1) Places an officer, employe, visitor or another inmate of such prison or institution in apprehension of an immediate battery likely to cause death or great bodily harm;

## LINCOLN HILLS's STATUS AS A DETENTION FACILITY

We next consider whether Lincoln Hills is a "detention facility." Section 940.20(1) applies to prisoners confined to prisons or state, county, or municipal detention facilities. The parties concede that Lincoln Hills is not a prison. *See* sec. 53.01, Stats. They dispute whether Lincoln Hills is a detention facility.

Lincoln Hills is a detention facility under sec. 940.20 (1). A detention facility is a state, county, or municipal operated institution where persons are held in restrictive confinement as a result of criminal conduct. *See* Committee Comment to Wis JI—Criminal 1778 (1982); *also see* sec. 46.011(2), Stats., (prisoner is a person who is "detained"). This definition of a detention facility complements the definition of a prisoner by requiring that a person's liberty be restricted because of his criminal conduct. Under this definition, Lincoln Hills is a detention facility because a child placed there is held in a restrictive custodial environment, *see* sec. 48.34(4m) (b), Stats., as a result of his criminal conduct.

The fact that children are confined to Lincoln Hills does not exclude the institution from the definition of a detention facility. Some institutions for holding children are specifically denominated detention facilities. For example, sec. 48.02(16), Stats., defines a locked facility for the secure, temporary holding of children as a secure detention facility. Section 940.20(1) provides no basis for excluding secured detention facilities under sec. 48.02(16), despite the confinement of children in them. A child may be temporarily confined to a secured detention facility for running away from a secured correctional facility. *See* sec. 48.208(2), Stats. For purposes of

sec. 940.20(1), therefore, secured correctional facilities, like Lincoln Hills, cannot be distinguished from secured detention facilities.

Public policy does not justify excluding Lincoln Hills from the coverage of sec. 940.20(1). Delinquents confined to Lincoln Hills are not otherwise insulated from criminal responsibility. Even if sec. 940.20(1) does not apply to this case, C.D.M. can be charged with battery contrary to sec. 940.19, Stats. Special circumstances, however, warrant application of sec. 940.20(1) to Lincoln Hills. The enhanced penalty of the statute is intended to deter batteries in circumstances where the usual penalty may be ineffective. *See Jones v. State*, 66 Wis. 2d 105, 118, 223 N.W.2d 889, 896 (1974). Subjecting a delinquent confined at Lincoln Hills to this enhanced penalty is reasonable because he already has demonstrated a propensity for antisocial behavior. *See Doe v. New Jersey Division of Youth and Family Services*, 429 A.2d 596, 600 (N.J. App. 1981) (Pressler, J., dissenting).[3] We therefore conclude that C.D.M. can be charged under sec. 940.20(1).

## WAIVER OF JUVENILE JURISDICTION

Finally, we consider whether the circuit court properly exercised its discretion by waiving its juvenile jurisdiction. C.D.M. alleges that the court based its decision on the erroneous belief that it could not commit C.D.M. to a private drug dependency facility unless his home county, Sheboygan, agreed to pay for the treatment. Under sec. 48.52(2), Stats., the Department of Health and Social Services can contract for treatment at private

---

[3] In *Doe v. New Jersey Division of Youth and Family Services*, 445 A.2d 1148, 1148–49 (1982), the New Jersey Supreme Court adopted the dissent at the court of appeals as its own decision.

facilities. C.D.M. requests that we reverse the waiver order and remand the matter to the circuit court for reconsideration without reliance on the alleged erroneous factor.

The circuit court's decision does not indicate reliance on the erroneous factor. The state must present clear and convincing evidence that it is in the best interests of C.D.M. or the public to waive juvenile jurisdiction. *See* sec. 48.18(6), Stats. The circuit court's decision is discretionary and must be based on the criteria listed in sec. 48.18(5), Stats. *In re D.H.,* 76 Wis. 2d 286, 304–05, 251 N.W.2d 196, 206 (1977). The record must show that the court examined these factors and set forth its reasons for waiver with sufficient specificity to allow review. *Id.* at 310, 251 N.W.2d at 208. Here, the court expressly considered the appropriate factors, and its conclusion is supported by clear and convincing evidence. The court did not state that its decision was influenced by the lack of authority to place C.D.M. in a private facility.

We acknowledge that the circuit court, before rendering its decision, did indicate that it could not commit C.D.M. to a private facility. The record, however, lacks any evidence that adequate and suitable private facilities existed to treat C.D.M. The record conclusively indicates that a secured treatment facility was required. C.D.M. presented no evidence concerning any privately secured facility that could deal with his drug dependency. On the other hand, the state presented evidence that all treatment options probably would be unsuccessful. The record does not support committing C.D.M. to a private facility. We therefore affirm the waiver order.

*By the Court.*—Order affirmed.