# LA CROSSE LUTHERAN HOSPITAL, Plaintiff-Respondent,

v.

# LA CROSSE COUNTY, a Wisconsin municipality, Defendant-Appellant.†

### Court of Appeals

*No. 86–0712. Submitted on briefs August 28, 1986.——Decided September 11, 1986.*

(Also reported in 395 N.W.2d 612.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant, the cause was submitted on the briefs of *William A. Shepherd,* assistant corporation counsel, of La Crosse.

For the plaintiff-respondent, the cause was submitted on the brief of *Bryant Klos* and *Steele, Klos & Flynn,* of La Crosse.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. La Crosse County appeals from a judgment in favor of La Crosse Lutheran Hospital for $4,950.44 for hospital and medical care furnished to Enrique Pazo-More. The issue is whether the county is liable to a hospital under sec. 53.38, Stats., for care given to an indigent person taken by city police from the place of injury directly to the hospital. We conclude that the county is not liable. We therefore reverse the judgment and direct the circuit court to dismiss the complaint.

Section 53.38, Stats., provides:

> If a prisoner needs medical or hospital care or is intoxicated or incapacitated by alcohol the sheriff or other keeper of the jail shall provide appropriate care or treatment and may transfer him to a hospital or to an approved treatment facility under s. 51.45(2)(b) and (c), making provision for the security of the prisoner. The costs of medical and hospital care outside of the jail shall (if the prisoner is unable to pay for it) in the case of persons held under the state criminal law or for contempt of court, be borne by the county and in the case of persons held under municipal ordinances by the municipality. The governmental unit paying such costs of medical or hos-

pital care may collect the value of the same from him or his estate as provided for in s. 49.08.

The facts are stipulated. In July 1984 La Crosse city police arrested Pazo-More in La Crosse county. He had attempted to stab another person and was shot while the officers tried to subdue him. The city police transported him to the La Crosse Lutheran Hospital. While at the hospital, he was charged with first-degree murder. He was immediately booked into the La Crosse County Jail when released from the hospital. The $4,950.44 hospital bill is reasonable and he cannot pay it.

The hospital moved for summary judgment. The trial court concluded that to read sec. 53.38, Stats., to preclude the county's liability on grounds that the offender was not in jail before he was taken to the hospital would cause an absurd result. The court therefore granted judgment for the hospital.

The application of a statute to a particular set of facts is a question of law. *Bucyrus-Erie Co v. ILHR Department,* 90 Wis.2d 408, 417, 280 N.W.2d 142, 146-47 (1979). We decide questions of law without deference to the trial court's opinion. *Ball v. District No. 4, Area Board,* 117 Wis.2d 529, 537, 345 N.W.2d 389, 394 (1984).

If the statutory language is plain, we must apply it accordingly. *In the Matter of Athans,* 107 Wis.2d 331, 335, 320 N.W.2d 30, 32 (Ct. App. 1982).

Pazo-More was a prisoner in the sense that he was arrested. *See* sec. 46.011(2), Stats., defining a prisoner as "any person who is either arrested, incarcerated, imprisoned or otherwise detained in excess of 12 hours by any law enforcement agency of this state . . . ." Sec-

337

tion 53.38, Stats., however, does not refer to prisoners generally but to prisoners who are transferred by the sheriff or other keeper of the jail to a hospital.

The statutory language is plain. Section 53.38, Stats., applies only to prisoners who receive medical treatment and hospital care outside the jail after being transferred from a jail. A person who has not been jailed is not a prisoner within the meaning of sec. 53.38.[1]

The hospital argues that because the purpose of sec. 53.38, Stats., is to ensure that persons detained by enforcement officials receive medical care when they need it, our application of the statute leads to an absurd result. The hospital misreads the statute. It does not refer to persons detained by law enforcement officials. It refers to prisoners transferred by the sheriff or other keeper of the jail to the hospital or treatment facility.

We cannot rewrite sec. 53.38, Stats., to meet the hospital's desired construction of it. If a statute fails to cover a particular situation, and the omission should be cured, the remedy lies with the legislature, not the courts. *State v. Richards*, 123 Wis.2d 1, 12–13, 365 N.W.2d 7, 12 (1985).

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the complaint.

DYKMAN, J. (*dissenting.*) I would begin my analysis of sec. 53.38, Stats., at the beginning of the statute. The first question to arise is whether Pazo-More was a prisoner. That question is answered by both case law and statute. Though the majority acknowledges that sec. 46.011(2), Stats., defines a prisoner as "any

---

[1] The attorney general has reached the same opinion on facts almost identical to those before us. 67 Op. Atty. Gen. 245 (1978).

person who is . . . arrested," it does not explain why it rejects this definition. Nor does the majority discuss *In Interest of C.D.M.*, 125 Wis.2d 170, 172, 370 N.W.2d 287, 288 (Ct. App. 1985), where we defined a prisoner as "one who is deprived of his liberty; one who is against his will kept in confinement or custody," quoting *State v. Brill*, 1 Wis.2d 288, 291, 83 N.W.2d 721, 723 (1957).

Under both sec. 46.011(2), Stats., and *C.D.M.*, the result is the same. Pazo-More was a prisoner. That conclusion, however, does not end the inquiry. The first sentence of sec. 53.38, Stats., requires the sheriff or jailkeeper to provide prisoners appropriate care or treatment. The legislature used the words "shall provide." "Shall" is presumed mandatory unless it is necessary to construe the statute as directory to carry out the legislature's intent. *In Matter of E.B.*, 111 Wis.2d 175, 185, 330 N.W.2d 584, 589-90 (1983). Section 53.38 cannot reasonably be read to permit a sheriff to deny needed medical attention. Therefore, the first portion of the first sentence of sec. 53.38 requires the sheriff to provide medical care to Pazo-More.

After mandating that sheriffs or jailkeepers provide medical care to prisoners, the second portion of the first sentence of sec. 53.38, Stats., makes alternative provisions for obtaining the care. This is done by the use of the word "may." When the words "shall" and "may" are used in the same section of a statute, we can infer that the legislature intended the words to have their precise meanings. *Karow v. Milwaukee County Civil Serv. Comm.*, 82 Wis.2d 565, 571, 263 N.W.2d 214, 217 (1978).

The second portion of the first sentence of sec. 53.38, Stats., therefore gives the sheriff discretion as to how to provide medical care. This is a logical way to interpret the statute, for medical needs vary substan-

tially. It would make little sense to require the sheriff to transfer a prisoner to a hospital to obtain aspirin for a headache. The majority errs by ignoring the "may" in sec. 53.38, and by concluding that the statute refers only to prisoners who are transferred from jails to hospitals. This conclusion ignores the alternatives available to the sheriff—bringing a doctor or nurse to the jail, or providing minor items directly.

The second sentence of sec. 53.38, Stats., allocates the responsibility for paying the costs of medical and hospital care between the county and municipalities, where care is given outside of the jail. The majority does not explain how a sentence of a statute which allocates responsibility for a prisoner's hospital bills denies a hospital the right to recover its bill. I would conclude that this language requires La Crosse County rather than the City of La Crosse to pay the hospital bill because Pazo-More was held under the state criminal law.

Under the majority's construction of sec. 53.38, Stats., hospitals will demand that prisoners be taken to jail before admission, and doctors will not attend prisoners in the jail, because they will know they will be paid only if the prisoner is taken from jail to a clinic or hospital. This is an expensive, if not absurd, result and one not necessary if each sentence of sec. 53.38 is analyzed, and each sentence given its ordinary meaning.

Having concluded that Pazo-More was a prisoner, that the sheriff was required to provide hospital care to prisoners, and that La Crosse County was required to bear the costs of the care, I would affirm the trial court.