STATE of Wisconsin, Plaintiff-Respondent,

v.

James T. FITZGERALD, Defendant-Appellant.

Court of Appeals

*No. 99–0049–CR. Submitted on briefs November 5, 1999.—Decided February 9, 2000.*

**2000 WI App 55**

(Also reported in 608 N.W.2d 391.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel P. Dunn* of *Dunn Law Offices* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Eileen W. Pray,* assistant attorney general.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. James T. Fitzgerald appeals from a judgment of conviction for battery by a prisoner pursuant to WIS. STAT. § 940.20(1) (1997–98)[1] The issue on appeal is whether Fitzgerald, as a probationer in custody under a probation hold, was a "prisoner" for purposes of the battery by a prisoner statute. Fitzgerald contends that the evidence demonstrated reasonable grounds for a jury to find that he was not a prisoner confined "as a result of a violation of law" as required by the relevant case law and WIS JI—CRIMINAL 1228, relating to battery by a prisoner. As such, Fitzgerald argues that he was entitled to a jury instruction on the lesser-included offense of misdemeanor battery under WIS. STAT. § 940.19(1).[2]

¶ 2. We reject Fitzgerald's argument. We hold that there were no reasonable grounds in the evidence

---

[1] WISCONSIN STAT. § 940.20(1) (1997–98) states:

**Battery: special circumstances.** (1) BATTERY BY PRISONERS. Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employe, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class D felony.

All references to the Wisconsin Statutes are to the 1997–98 version.

[2] WISCONSIN STAT. § 940.19(1) states:

**Battery; substantial battery; aggravated battery.** (1) Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

for concluding that Fitzgerald acted in any capacity other than as a prisoner. Accordingly, we affirm the judgment of conviction.

## FACTS AND PROCEDURAL HISTORY

¶ 3.  At the time of the instant offense, Fitzgerald was on probation for disorderly conduct. While on probation, Fitzgerald failed to keep an appointment with his probation agent. As a result, the agent issued an apprehension request directing that Fitzgerald be taken into custody.

¶ 4.  Pursuant to the apprehension request, two Campbellsport police officers, a Fond du Lac county sheriff's deputy and a state trooper apprehended Fitzgerald at a Campbellsport tavern and transported him to the jail in Fond du Lac for purposes of booking and a pat-down search. At the jail, Fitzgerald was told to remove his outer garments of clothing, as well as jewelry and personal belongings. Fitzgerald refused to remove his watch and began swearing and flailing his arms about. Additional correctional officers came to assist and the search was conducted without Fitzgerald removing his watch. Because of his conduct, the officers postponed the rest of the booking procedure and led Fitzgerald to a receiving cell.

¶ 5.  At the cell door, Fitzgerald again became agitated, swearing and raising a hand toward one of the officers. The officers took hold of his arms, directed him into the cell, and decided to remove his watch. Before the watch could be removed, Fitzgerald bit the finger of one of the officers, drawing blood.

¶ 6.  As a result, Fitzgerald was charged with one count of battery by a prisoner. He pled not guilty and received a jury trial. At the close of the evidence, Fitzgerald asked the trial court to submit a jury instruction

on misdemeanor battery as a lesser-included offense pursuant to WIS. STAT. § 939.66(2m), which defines an included crime as "[a] crime which is a less serious or equally serious type of battery than the one charged." Fitzgerald contended that the evidence raised a reasonable doubt as to whether his status as a probationer on a probation hold rendered him a "prisoner" for purposes of the battery by a prisoner statute. The trial court rejected Fitzgerald's request. The jury found Fitzgerald guilty. Fitzgerald appeals from the ensuing judgment of conviction.

## ANALYSIS

¶ 7.   Whether the evidence supports the submission of a lesser-included offense is a question of law, which an appellate court reviews de novo. *See State v. Kramar*, 149 Wis. 2d 767, 791, 440 N.W.2d 317 (1989). The test for submitting a lesser-included offense is whether "there are reasonable grounds in the evidence both for acquittal on the greater charge and conviction on the lesser offense." *Id.* at 792 (citing *Hawthorne v. State*, 99 Wis. 2d 673, 299 N.W.2d 866 (1981)). Further, a court must view the evidence in a light most favorable to the defendant. *See id.*

¶ 8.   When considering a request for a lesser-included offense instruction, the court must first determine whether "the lesser offense is, as a matter of law, a lesser included offense of the crime charged." *State v. Moua*, 215 Wis. 2d 511, 517, 573 N.W.2d 202 (Ct. App. 1997). If so, then the court considers whether the evidence justifies the instruction. *See id.* In this case, the State concedes that misdemeanor battery is a lesser-included offense of battery by a prisoner. Thus we focus

on the second prong of the test: whether there were reasonable grounds in the evidence upon which a jury could acquit Fitzgerald on the greater offense of battery by a prisoner and convict him on the lesser charge of misdemeanor battery. More specifically, the question is whether the evidence would reasonably allow a jury to find that Fitzgerald was not a "prisoner" within the meaning of WIS. STAT. § 940.20(1), but instead was an ordinary person within the meaning of WIS. STAT. § 940.19(1).

¶ 9. WISCONSIN STAT. § 940.20(1) refers to a "prisoner confined to a state prison or other state, county or municipal detention facility." In *State v. Brill*, 1 Wis. 2d 288, 83 N.W.2d 721 (1957), the supreme court defined "prisoner" as "[o]ne who is deprived of his liberty; one who is against his will kept in confinement or custody." *Id.* at 291. In *C.D.M. v. State*, 125 Wis. 2d 170, 370 N.W.2d 287 (Ct. App. 1985), the court of appeals held that "[t]he deprivation of liberty . . . must occur as a result of a violation of the law. . . . [A] prisoner is a person confined under authority of law and pursuant to a penological or a correctional objective." *Id.* at 172 (citation omitted). Finally, in *State v. Smith*, 214 Wis. 2d 541, 571 N.W.2d 472 (Ct. App. 1997), the court of appeals wrote, "We considered our statutes to define prisoner as a person 'who has been confined as a means of enforcing the law.' " *Id.* at 545 (quoting *C.D.M.*, 125 Wis. 2d at 172). Based upon this collective case law, the Criminal Jury Instructions Committee has concluded that a prisoner for purposes of the battery by a prisoner statute must be confined "as a result of a violation of law." WIS JI—CRIMINAL 1228.

¶ 10. Fitzgerald contends that he was not confined for a "violation of the law" because his custody was based upon an apprehension request for his failure

to keep an appointment with his probation agent. He concludes that such conduct is not a violation of the law, criminal or otherwise.

¶ 11.  We reject Fitzgerald's concept of a "violation of the law" as far too restrictive and not in keeping with the letter or spirit of the battery by a prisoner statute. Fitzgerald was on probation as a result of his violation of the law. WISCONSIN STAT. § 973.10(1) provides that the imposition of probation places a defendant in the custody and control of the department *"under conditions set by the court and rules and regulations established by the department."* (Emphasis added.) WISCONSIN ADMIN. CODE § DOC 328.14 authorizes a probation agent to issue an apprehension request when a probationer absconds pursuant to WIS. ADMIN. CODE § DOC 328.03(1). WISCONSIN ADMIN. CODE § DOC 328.22 additionally authorizes a probation agent to have a law enforcement officer take a probationer into custody if the probationer has violated the rules of supervision.

¶ 12.  These statutory and administrative provisions are pronouncements of law. They authorize the court and the department to prescribe the rules and conditions of probation. If the rules or conditions are violated, the probationer may be taken into custody. Such custody is clearly targeted at a "penological or correctional objective." *Smith*, 214 Wis. 2d at 545. Based upon this statutory and administrative scheme, we conclude that a probationer who violates a condition of probation and who, as a result, is taken into custody under an apprehension request, is a prisoner confined "as a result of a violation of the law." *C.D.M.*, 125 Wis. 2d at 172.

¶ 13.   The evidence in this case is undisputed that Fitzgerald was a probationer who was confined under an apprehension request issued by his probation agent for a violation of a rule of probation. As such, there were no reasonable grounds in the evidence from which a jury could conclude that Fitzgerald was not a prisoner within the meaning of WIS. STAT. § 940.20(1).

### *CONCLUSION*

¶ 14.   We affirm the trial court's rejection of Fitzgerald's request for the lesser-included offense of misdemeanor battery.

*By the Court.*—Judgment affirmed.