COURT OF APPEALS
DECISION
DATED AND FILED

August 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1821-CR**

Cir. Ct. No. **2016CF713**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARTE L. COFFEE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: WILLIAM S. POCAN and DAVID A. HANSHER, Judges. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Marte L. Coffee appeals from a judgment, entered on a jury's verdict, convicting him of one count of armed carjacking.  Coffee also appeals from an order denying his postconviction motion.  Coffee contends that the trial court erred when it refused to give a lesser-included jury instruction and that the postconviction court erred when it declined to grant relief from the trial court's error.[1]  Upon review, we affirm the judgment and the order.

## Background

¶2    On July 24, 2015, Coffee and Devante Downey-Gaddis approached a parked car occupied by A.P.G., who had been asked to repair the vehicle by its owner, G.S.S.  According to Coffee's statement to police, Downey-Gaddis pulled out a gun as they approached.  Downey-Gaddis then pulled A.P.G. from the car, hit him in the head with the gun, and told him to empty his pockets.  When A.P.G. did not react quickly enough, Coffee said, "[D]idn't you hear him, he said empty out your pockets."  Downey-Gaddis was pointing the gun at A.P.G.'s head for the entirety of this interaction.

¶3    A.P.G. surrendered the car keys and other items.  Coffee got into the driver's seat and Downey-Gaddis entered the passenger side; Coffee drove the car away.  Coffee and Downey-Gaddis were apprehended approximately a week later in Fond du Lac County during a lawful traffic stop.

¶4    Coffee and Downey-Gaddis were both charged with operating a vehicle without the owner's consent (armed carjacking), contrary to WIS. STAT.

---

[1]  The Honorable William S. Pocan presided at trial and will be referred to as the trial court.  The Honorable David A. Hansher denied the postconviction motion and will be referred to as the postconviction court.

§ 943.23(1g) (2015-16),[2] as a party to a crime, a Class C felony. The charge against Coffee included the habitual criminal enhancer.[3]

¶5    Coffee's charge was tried to a jury. At the close of evidence, Coffee asked the trial court to give a lesser-included jury instruction for the offense of operating a vehicle without the owner's consent (OVWOC), contrary to WIS. STAT. § 943.23(3).[4] The trial court denied this request after concluding that OVWOC was not a lesser-included offense of armed carjacking. The jury convicted Coffee as charged, and the trial court later sentenced him to twenty-two years of imprisonment.

¶6    Coffee's appointed postconviction counsel originally pursued a no-merit appeal. *See State v. Coffee*, No. 2017AP1101-CRNM, unpublished op. and order (WI App Nov. 15, 2018). We rejected the no-merit report after we concluded there was an arguably meritorious challenge to the trial court's refusal to give the lesser-included jury instruction as requested. Coffee then filed a postconviction motion, alleging that the trial court had erred in denying the lesser-included instruction because (1) OVWOC is a lesser-included offense of armed carjacking as a matter of law, and (2) there was a reasonable basis in the evidence for the jury to acquit him of the greater charge and convict him on the lesser. The

---

[2] "Whoever, while possessing a dangerous weapon and by the use of, or the threat of the use of, force or the weapon against another, intentionally takes any vehicle without the consent of the owner is guilty of a Class C felony." WIS. STAT. § 943.23(1g) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

[3] Both defendants were also charged with armed robbery as a party to a crime, with the habitual criminality enhancer added for Coffee, but that charge was dismissed against Coffee shortly before the trial because A.P.G. failed to appear.

[4] "[W]hoever intentionally drives or operates any vehicle without the consent of the owner is guilty of a Class I felony." WIS. STAT. § 943.23(3).

postconviction court denied the motion, concluding that "more than sufficient evidence existed to convict Coffee on the greater offense," so the jury never would have considered a lesser-included offense in any event. Coffee appeals.

**Discussion**

¶7 There is a two-part analysis for determining whether to instruct on a lesser-included offense. *See* **State v. Muentner**, 138 Wis. 2d 374, 387, 406 N.W.2d 415 (1987). First, the court must "determine whether 'the lesser offense is, as a matter of law, a lesser included offense of the crime charged.'" **State v. Fitzgerald**, 2000 WI App 55, ¶8, 233 Wis. 2d 584, 608 N.W.2d 391 (citation omitted). Second, the court must consider "whether there is a reasonable basis in the evidence" for a jury to acquit on the greater offense and to convict on the lesser offense. **Muentner**, 138 Wis. 2d at 387. Instruction on a lesser-included offense is required only if there are reasonable grounds for both acquittal on the greater charge and conviction on the lesser. *See* **State v. Foster**, 191 Wis. 2d 14, 23, 528 N.W.2d 22 (Ct. App. 1995).

¶8 When considering whether a lesser-included instruction is appropriate, a court should view the evidence in the light most favorable to the defendant. **Johnson**, 393 Wis. 2d 688, ¶33. "A [trial] court commits reversible error where it refuses to submit an instruction on a lesser-included offense that is supported by the evidence." **Id.**, ¶32. We review *de novo* whether the trial court should have given an instruction for a lesser-included offense. **Id.**, ¶31.

¶9 Here, the trial court concluded that simple OVWOC was not a lesser included offense of armed carjacking because the two offenses have "entirely different elements" with no overlap. *See* **State v. Jackson**, 2011 WI App 63, ¶11, 333 Wis. 2d 665, 799 N.W.2d 461 ("Wisconsin uses an 'elements-only' test to

4

determine if a crime is a lesser included offense of another."); *see also* WIS. STAT. § 939.66(1) (stating that lesser included offenses include "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged."). Thus, the trial court refused to instruct the jury on a lesser-included offense.

¶10    However, WIS. STAT. § 939.66 also delineates several groupings of included crimes, irrespective of the elements-only test. As applicable here, "[a] crime which is a *less serious type of violation under* [*WIS. STAT. §*] *943.23* than the one charged" is also a lesser-included offense. *See* § 939.66(2r) (emphasis added). Simple OVWOC, a Class I felony contrary to § 943.23(3), is a less serious violation under § 943.23 than armed carjacking, a Class C felony contrary to § 943.23(1g). Thus, the trial court in this case erred when it concluded that OVWOC was not a lesser-included offense of armed carjacking.

¶11    That error does not, however, automatically require reversal; as noted, our review of whether the trial court should have given a lesser-included instruction is *de novo*. *See **Johnson***, 393 Wis. 2d 688, ¶31. Thus, we now consider the second step in the analysis: whether there was a reasonable basis in the evidence, when viewed most favorable to Coffee, to support acquittal of the armed carjacking, but conviction of the simple OVWOC.

¶12    Coffee contends that the postconviction court erred at this step because it ignored the requirement "that the 'reasonable basis to acquit' test be applied by reviewing the evidence favorably to the defendant's position." He asserts that "[n]owhere in [the] analysis of the lesser-included offense issue did [the postconviction court] indicate that [it] had viewed the evidence in the light

5

*most favorable* to defendant Coffee. Rather, [the court] concluded that Coffee 'assented' to Downey-Gaddis' use of the gun to carry out the armed carjacking."

¶13 The elements of armed carjacking require the State to prove that a defendant: (1) intentionally took a vehicle without the consent of the owner; (2) knew the owner did not consent to the taking; (3) took the vehicle while possessing a dangerous weapon; and (4) took the vehicle by the use or threat of the use of force or of a dangerous weapon against another. *See* WIS JI—CRIMINAL 1463. Because Coffee was alleged to have committed armed carjacking as a party to a crime by aiding and abetting, the State further had to prove that Coffee, while acting with knowledge or belief that another person was committing or intended to commit a crime, knowingly either assisted the person or was ready and willing to assist and the person who committed the crime knew of that willingness to assist. *See* WIS JI—CRIMINAL 400.

¶14 In order for a jury to acquit Coffee of armed carjacking, but convict him of the simple OVWOC, the jury would have needed to conclude that although Coffee drove the vehicle without consent, he did not know that Downey-Gaddis had a dangerous weapon and intended to use force to take the car.[5] On this latter point, Coffee states that he "did not admit that he knew or had reason to know that Downey-Gaddis, while possessing a gun, would draw the weapon and use it to hit and threaten A.P.G. to take the vehicle." Thus, Coffee asserts, the only evidence that pointed to him "as having the requisite party-to-a-crime element of foreknowledge or intent that Downey-Gaddis would use or threaten to use a

---

[5] There does not appear to be any dispute that there was sufficient evidence to convict Coffee of at least OVWOC, given that he was the driver of the vehicle at the time of the stop.

firearm to secure the taking of the automobile … was Downey-Gaddis' testimony." Coffee contends that, in considering whether to grant relief, the postconviction court "gave more weight to Downey-Gaddis' version" of events than to Coffee's version, improperly failing to review the evidence in the light most favorable to the defendant. Coffee argues that because accomplice testimony should be weighed with greater caution than the testimony of other witnesses,[6] the jury "could have discounted or rejected Downey-Gaddis' accomplice testimony that Coffee had to have known that he (Downey-Gaddis) planned to use the firearm to accomplish the taking of the vehicle."

¶15    Even if the jury had discounted Downey-Gaddis's testimony, there was no basis in the evidence, however construed, to support a conclusion that Coffee lacked knowledge of the gun and Downey-Gaddis's intent to use force. Detective Michael Knitter testified that he and his partner traveled to Fond du Lac to interview Coffee, following his arrest. Knitter testified that Coffee indicated he knew that Downey-Gaddis had a gun as they approached A.P.G. and the car.[7] In the interview, Coffee told detectives that after Downey-Gaddis hit A.P.G. with the gun, A.P.G. "froze" and "looked scared." Coffee confirmed that he repeated Downey-Gaddis's command to A.P.G. to empty his pockets, which yielded the car keys, and that Downey-Gaddis was pointing the gun at A.P.G.'s face. Coffee further acknowledged that he drove the car from the scene. Portions of the recorded interview were played for the jury. In short, Coffee's own statements

---

[6] *See **Linse v. State**,* 93 Wis. 2d 163, 171-72, 286 N.W.2d 554 (1980).

[7] Downey-Gaddis testified that it was Coffee who had given him the gun.

7

confirm he knew about the use of force, and no evidence was presented to suggest otherwise.

¶16    Coffee's argument to the contrary appears to rest on the faulty premise that in order for the jury to convict him of the armed carjacking, there had to be evidence that he knew even *before* approaching the car that Downey-Gaddis had and intended to use the gun to take the car.  However, intent does not need to exist for any specific period of time in advance of the crime.  *See* WIS JI—CRIMINAL 923A.  Thus, even if Coffee was entirely unaware that Downey-Gaddis was planning to use a gun as they approached the car, he became aware of the gun, and Downey-Gaddis's intent to use force, when Downey-Gaddis pointed the gun at A.P.G.  Rather than disengage, Coffee remained, reinforced Downey-Gaddis's instructions to the victim to empty his pockets, and eventually drove the car away.  That is, at the time that Coffee took the car and drove off, he had already been a party to the force that was used to facilitate the crime.  We therefore agree with the State that there was no basis upon which a jury would acquit Coffee of the armed carjacking.[8]  Thus, the trial court did not err in refusing the lesser-included jury

---

[8] The postconviction court also concluded that any failure to give a lesser-included instruction was harmless, *see* **State v. Truax**, 151 Wis. 2d 354, 361-63, 444 N.W.2d 432 (Ct. App. 1989), because the jury had convicted Coffee on the greater offense and, thus, would not have moved on to consider the lesser included offense.  However, we question whether **Truax** applies.  The **Truax** jury was instructed on both the original charge of first-degree murder and the lesser-included offense of second-degree murder; Truax was convicted on the greater charge.  On appeal, Truax argued that the circuit court had erred when it failed to give the instruction for homicide by reckless conduct, an offense that was another step down from second-degree murder.  It was the omission of the offense that was lesser still that was harmless in light of the jury's conviction on the greatest offense.  *See id.*  The jury here considered no lesser-included offenses.

However, because we conclude that there was no basis for an acquittal of the armed carjacking offense, we need not further consider whether to apply a harmless error analysis.  *See* **State v. Blalock**, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (cases should be decided on the narrowest possible grounds).

instruction on simple OVWOC, and the postconviction court did not err in denying relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).