COURT OF APPEALS
DECISION
DATED AND FILED

February 11, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP624**

Cir. Ct. No. 2015CF5452

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DAVID D. HARRIS,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  David D. Harris, *pro se*, appeals from an order of the circuit court denying his WIS. STAT. § 974.06 (2021-22),[1] postconviction motion without a hearing.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2     On December 12, 2015, the State charged Harris with several criminal charges including possession with intent to deliver both heroin and cocaine, racketeering, and operation of a motor vehicle without the owner's consent, all stemming from a large, sophisticated drug dealing operation run by a group that called themselves the Big Money Addicts.

¶3     The case proceeded to a jury trial that lasted over two weeks, involved nearly fifty witnesses, and had over one hundred exhibits.  The jury found Harris guilty of six of the twelve charges on which Harris proceeded to trial.  The jury did not reach a verdict on the remaining six charges, and the circuit court ordered a mistrial on those charges.  Harris, however, pled guilty to three of the remaining six charges following the trial, and in exchange for Harris's plea, the final three charges were dismissed, with two of the three dismissed charges read in for sentencing purposes.  The circuit court sentenced Harris to a total of forty-one years and six months of incarceration, composed of twenty-three years and six months of initial confinement and eighteen years of extended supervision.

¶4     On a direct appeal represented by counsel, Harris argued that the evidence was insufficient to support his conviction and that the circuit court

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

erroneously exercised its discretion when it denied a motion for a mistrial. We rejected Harris's arguments and summarily affirmed. *See **State v. Harris***, No. 2020AP389-CR, unpublished op. and order (WI App Oct. 19, 2021). The Wisconsin Supreme Court denied Harris's petition for review.

¶5    On July 20, 2022, Harris filed a motion pursuant to WIS. STAT. § 974.06 and raised three claims of ineffective assistance of trial counsel and a claim that postconviction counsel was ineffective. The circuit court denied Harris's motion without a hearing and found that Harris's claims were procedurally barred. In the alternative, the circuit court found that Harris's claims failed as a result of being conclusory or the record conclusively demonstrating that Harris was not entitled to relief. Harris now appeals.

**DISCUSSION**

¶6    "Once a defendant's direct appeal rights are exhausted or the time for filing an appeal has expired, the defendant may collaterally attack his conviction via a motion under WIS. STAT. § 974.06." ***State v. Evans***, 2004 WI 84, ¶32, 273 Wis. 2d 192, 682 N.W.2d 784, *abrogated on other grounds by **State ex rel. Coleman v. McCaughtry***, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. However, absent a showing of a sufficient reason, claims that a defendant could have raised earlier but did not are barred. ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). "Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to *de novo* review." ***State v. Romero-Georgana***, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶7    In this case, Harris argues that the circuit court erroneously denied his WIS. STAT. § 974.06 motion without a hearing and that ***Escalona-Naranjo***'s

procedural bar does not apply to him because he never filed a motion under WIS. STAT. § 974.02. Harris misunderstands the procedural bar. Rather, "issues that were raised or could have been raised *during the direct appeal* or in a previous § 974.06 motion may not be brought in a subsequent § 974.06 motion absent a showing of a 'sufficient reason.'" *Evans*, 273 Wis. 2d 192, ¶33 (emphasis added; citation omitted). Harris has clearly pursued a direct appeal. *See Harris*, No. 2020AP389-CR. Thus, *Escalona-Naranjo*'s procedural bar applies absent a showing of a sufficient reason for failing to raise his arguments earlier, and on this point, we conclude that Harris has failed to make a showing of a sufficient reason to overcome *Escalona-Naranjo*'s procedural bar.

¶8     In his WIS. STAT. § 974.06 motion, Harris raised three main claims of ineffective assistance of trial counsel and raised a claim of ineffective assistance of postconviction counsel for failing to raise trial counsel's ineffectiveness. As provided in his postconviction motion, Harris contends that postconviction counsel's inability to challenge her own ineffectiveness constitutes a sufficient reason to overcome the procedural bar. We disagree.

¶9     "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Romero-Georgana*, 360 Wis. 2d 522, ¶36. Such an instance requires a showing that the current claims that the defendant wishes to bring "are clearly stronger than the claims postconviction counsel actually brought." *Id.*, ¶4. Despite this requirement, Harris engages in no comparative analysis of the claims that his postconviction counsel pursued in his direct appeal with the claims that he currently raises in his WIS. STAT. § 974.06 motion. He further focuses his attention on trial counsel's failures and, in so doing, fails to adequately develop why postconviction counsel was ineffective for failing to make

any arguments that trial counsel was ineffective. Thus, we conclude that Harris has failed to provide a sufficient reason, and Harris's § 974.06 motion is procedurally barred by *Escalona-Naranjo*.

¶10 Alternatively, we conclude that Harris has abandoned the majority of his arguments by either failing to raise them entirely on appeal or failing to raise them within the framework of ineffective assistance of counsel as he did below.[2] *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned."); *see also State v. Mercado*, 2021 WI 2, ¶¶35, 37, 395 Wis. 2d 296, 953 N.W.2d 337 (explaining that a direct challenge to unobjected-to errors are generally forfeited and can be reviewed through ineffective assistance of counsel).

¶11 As a result, the only viable argument remaining is his argument claiming ineffective assistance of counsel related to whether trial counsel was ineffective for failing to request a lesser-included jury instruction. As it applies to this argument, we further conclude that the record conclusively demonstrates that Harris is not entitled to relief on this claim. *See State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433 (stating that the circuit court has discretion to grant or deny a hearing on a postconviction motion "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief").

---

[2] We further note that Harris explicitly states in his reply brief that he abandons on appeal the issue of trial counsel's effectiveness related to the counts for which Harris pled guilty.

¶12     A defendant raising a claim of ineffective assistance of counsel must demonstrate both deficient performance by counsel and prejudice as a result of counsel's deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).   In this case, the record conclusively demonstrates that Harris can do neither.

¶13     More specifically, Harris argues that his trial counsel was ineffective for failing to request a jury instruction for WIS. STAT. § 943.23(4m) as the lesser-included offense of operating a vehicle without the owner's consent contrary to § 943.23(3).[3]   As Harris argues, he was only a passenger in the stolen vehicles and, therefore, at most guilty of knowingly participating as a passenger to the operation of a vehicle without the owner's consent, contrary to § 943.23(4m). However, as a result of the party to a crime liability attached to Harris's charges for operating a vehicle without the owner's consent contrary to § 943.23(3), Harris may still be guilty of the charge while a passenger of the vehicle.  *See* WIS. STAT. § 939.05.

¶14     A defendant is entitled to a lesser-included instruction if "there are reasonable grounds in the evidence both for acquittal on the greater charge and conviction on the lesser offense."  ***State v. Fitzgerald***, 2000 WI App 55, ¶7, 233 Wis. 2d 584, 608 N.W.2d 391 (citation omitted).  As a result of the party to a crime liability, even a passenger in a stolen vehicle may be found guilty of WIS. STAT. § 943.23(3) because the evidence needed to prove Harris committed any

---

[3] The State argued below that WIS. STAT. § 943.23(4m) was not a lesser-included offense to the charge of § 943.23(3).  However, on appeal, the State acknowledges that § 943.23(4m) is indeed a lesser-included offense to the charge of § 943.23(3) by operation of WIS. STAT. § 939.66(2r).  Thus, we do not address the matter further, and we accept for our purposes that § 943.23(4m) is a lesser-included offense to a charge of § 943.23(3).

lesser-included offense under § 943.23(4m) would also be sufficient to prove that Harris committed the greater offense under § 943.23(3) as a party to a crime.

¶15    Consequently, trial counsel could not be considered ineffective for failing to request a jury instruction for WIS. STAT. § 943.23(4m), and Harris's claim of ineffective assistance of counsel fails.  *See* ***State v. Swinson***, 2003 WI App 45, ¶59, 261 Wis. 2d 633, 660 N.W.2d 12 ("Trial counsel's failure to bring a meritless motion does not constitute deficient performance."); *see also* ***State v. Ziebart***, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369 (stating that to establish that postconviction or appellate counsel was ineffective for failing to pursue an argument also requires a showing that trial counsel was ineffective).[4]

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] At the end of his opening brief on appeal, Harris invokes this court's discretionary authority under WIS. STAT. § 752.35.  We decline to address his argument as undeveloped.  *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).